UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-206-JAW |
| | ) | |
| RICKY SIROIS | ) | |

**ORDER ON MOTION TO MODIFY SENTENCING JUDGMENT**

On January 6, 2014, the Court sentenced Ricky Sirois to forty-eight months of incarceration, three years of supervised release and a $100 special assessment for engaging in a conspiracy to distribute and possess with the intent to distribute oxycodone. *J.* (ECF No. 315). Mr. Sirois commenced the three-year term of supervised release on June 1, 2015. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 360). On May 25, 2017, the Probation Office moved for an arrest warrant, claiming that Mr. Sirois violated the no-crimes and the no-drugs conditions of his supervised release. *Id.* at 1-2. The Court held a revocation hearing on August 7, 2017 and asked the Assistant United States Attorney to set forth the bases for the alleged supervised release violations. *Tr. of Proceedings* 3:20-4:4 (ECF No. 381). The Assistant United States Attorney stated that on July 13, 2017, Mr. Sirois had been convicted in state of Maine court for the unlawful possession of heroin. *Id.* 4:21-24. The Assistant United States Attorney also stated that Mr. Sirois had tested positive on two occasions for cocaine and on one occasion for marijuana. *Id.* 4:25-5:8. Mr. Sirois admitted that he committed these violations. *Id.* 7:23-8:1.

On August 7, 2017, the Court sentenced Mr. Sirois to twenty-four months of incarceration with no supervised release to follow. *J.* at 1-2 (ECF No. 374).

On June 11, 2018, Mr. Sirois moved this Court to amend the revocation judgment to include a period in a halfway house. *Pro Se Mot. to Modify Revocation J. to Include Halfway House Time* (ECF No. 385). Mr. Sirois asks for nine months in a halfway house and, if not, six months. *Id.* at 1. On June 21, 2018, he wrote the Court again in support of his motion. *Letter from Ricky Sirois to Clerk of Ct.* (ECF No. 386). On June 25, 2018, he wrote again. *Letter from Ricky Sirois to Clerk of Ct.* (ECF No. 387). On June 29, 2018, the Government filed an objection to the motion. *Gov't's Obj. to Def.'s Mot. for Halfway House Time* (ECF No. 389). On July 19, 2018, Mr. Sirois filed another letter. *Letter from Ricky Sirois to Clerk of Court* (ECF No. 387). On July 23, 2018, he filed a final letter. *Letter from Ricky Sirois to Clerk of Court* (ECF No. 392).

The Court dismisses Mr. Sirois' motion on two bases. First, after sentence is imposed, the law severely constrains the ability of the sentencing court to amend a sentence and the grounds upon which it may do so. One possibility is 18 U.S.C. § 3582(c), which allows a sentencing court to reduce a sentence in extremely narrow circumstances.[1] 18 U.S.C. § 3582(c); *United States v. Griffin*, 524 F.3d 71, 83 (1st Cir. 2008). The statute states the general rule that a "court may not modify a term of

---

[1] Among other avenues, the statute allows a court to reduce a sentence "upon motion of the Director of the Bureau of Prisons." 18 U.S.C. § 3582(c)(1)(A). Even if the Director of the Bureau of Prisons makes such a motion, however, the Court may not grant it unless it finds that "extraordinary and compelling reasons warrant such a reduction" or that the defendant "is at least 70 years of age, has served at least 30 years in prison . . . for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community . . . ." *Id.* at § 3582(c)(1)(A)(i)-(ii).

imprisonment once it has been imposed . . . ." 18 U.S.C. § 3582(c). The statute then allows such a reduction only in rare circumstances after procedural prerequisites have been fully satisfied. *Id.* None of the specified circumstances, however, is present here. Mr. Sirois' request that the Court modify its judgment asks the Court to do something that Court does not have the authority to do.

Even if the Court could amend the revocation judgment, the Court would not do so in Mr. Sirois' case. The United States Supreme Court has written that Congress has given the BOP "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)). Federal law permits a court to make a recommendation to the BOP, "[b]ut decisionmaking authority rests with the BOP." *Id.* at 2390-91. The applicable statutory provision is 18 U.S.C. § 3624(c)(1):

> [The BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Federal law also provides that a sentencing court may make a recommendation that a prisoner serve a term of imprisonment in a residential reentry center. 18 U.S.C. § 3621(b). But the recommendation has "no binding effect." *Id.* Mr. Sirois has not asked the Court for a recommendation, which is at least theoretically possible, but to amend the judgment, which is not.

In his motion, Mr. Sirois mentions that he would like to get a job in Bangor and presumably requests to be assigned to the Northern Maine Reentry and Recovery

Center (NMRRC) in Bangor. However, the Court is aware that there are significant funding issues with the NMRRC and it may well be that the NMRRC is not accepting new transferees from the Bureau of Prisons (BOP). In these circumstances, the Court is reluctant to issue an order or recommendation that cannot be followed.

Finally, in Mr. Sirois' case, the Court concludes that the BOP would be better able than the Court to assess his current suitability for a halfway house and to prioritize him for placement among its inmate population.

The Court DISMISSES without prejudice the Pro Se Motion to Modify Revocation Judgment to Include Halfway House Time (ECF No. 385).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of August, 2018