UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00206-JAW-2 |
| | ) | |
| RICKY SIROIS | ) | |

**ORDER ON MOTION TO MODIFY SENTENCING JUDGMENT**

On January 6, 2014, the Court sentenced Ricky Sirois to forty-eight months of incarceration, three years of supervised release, and a $100 special assessment for engaging in a conspiracy to distribute and possess with the intent to distribute oxycodone. *J.* (ECF No. 315). Mr. Sirois appealed his sentence to the Court of Appeals for the First Circuit and on May 22, 2015, the First Circuit affirmed it. *United States v. Sirois*, 602 F. App'x. 1 (1st Cir. 2015).

Mr. Sirois commenced a three-year term of supervised release on June 1, 2015. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 360). On May 25, 2017, the Government filed a petition for warrant against Mr. Sirois, alleging that he had been arrested on a state drug charges and had tested positive for illegal drugs. *Id.* at 1-2. On August 7, 2017, Mr. Sirois appeared in court and admitted the supervised release violations. *Tr. of Proceedings* 4:5-8:4 (ECF No. 381) (*Revocation Tr.*). The Court imposed a sentence of two years of incarceration with no supervised release to follow. *Revocation J.* at 2. Mr. Sirois appealed the Court's sentence to the

Court of Appeals for the First Circuit and on August 6, 2018, the Court of Appeals affirmed the sentence. *United States v. Sirois*, 898 F.3d 134 (1st Cir. 2018).

On August 21, 2018 and again on September 13, 2018, Mr. Sirois wrote the Court, noting that in his guideline calculations, he had not been accorded an additional two-level reduction, which he claims went into effect on November 1, 2014, reducing all non-violent drug offenders by two points. *Mot. to Reduce Sentence* (ECF No. 400); *Mot. to Reduce Sentence* (ECF No. 403) (*Def.'s Mots.*). In his motions, Mr. Sirois asks the Court not only to reduce his original sentence but also to apply the time he should not have served on the original sentence to his sentence on the revocation. *Id.*

In his motions, Mr. Sirois references an amendment to the United States Sentencing Commission guideline calculations in which the guideline ranges for illegal drugs under U.S.S.G. § 2D1.1 were generally reduced two levels. *Def.'s Mots.* at 1. In anticipation of his January 6, 2014 sentencing hearing, the Probation Office calculated his drug quantity to equal 73.31 kilograms of marijuana equivalent, which placed Mr. Sirois into a base offense level of 22. Presentence Report at 6 (PSR). After a three-level reduction for acceptance of responsibility, the Probation Office found that Mr. Sirois had a total offense level of 19 and a criminal history category of VI for a guideline range of incarceration of 63 to 78 months, a fine range of $6,000 to $1,000,000, supervised release of three years, and a special assessment of $100. *Id.* at 29-30.

Under the calculations the Court made at his January 6, 2014 sentencing hearing, the Court lowered Mr. Sirois' drug quantity to 25.192 kilograms of marijuana equivalent for a new base offense level of 18 and a total offense level of 15. *Tr. of Proceedings* 39:15-24 (ECF No. 326). This resulted in a guideline range of incarceration of 41 to 51 months, a fine range of $4,000 to $1,000,000, supervised release of three years, and a special assessment of $100. *Id.* The Court imposed a forty-eight month term of incarceration. *J.* at 2. The Court did not impose a fine. *J.* (ECF No. 315).

Under Mr. Sirois' requested calculations, his base offense level would be further reduced to 16 and his total offense level to 13. This would have resulted in a guideline range of 33 to 41 months. As the new range is lower than the imposed sentence of 48 months, Mr. Sirois is asking that the Court credit him on his two-year revocation sentence for the difference between the guideline ranges calculated at his sentencing hearing (41 to 51) and what he believes should have been calculated at his sentencing hearing (33 to 41), an eight to ten month difference.

There are several problems with Mr. Sirois' motions. First, they are too late. The rules provide a limited number of vehicles for amending a criminal judgment and they are time-limited. *See* FED. R. CRIM. P. 33(b)(2), FED. R. CRIM. P. 35(a). Mr. Sirois made no timely post-conviction motion with this Court. Furthermore, Mr. Sirois says that the United States Sentencing Commission adopted the two-level reduction on November 1, 2014. *Def.'s Mots.* at 1. This was during the time his appeal was pending before the Court of Appeals for the First Circuit. However, Mr. Sirois did not raise

3

the potential application of the two-level reduction before the Court of Appeals. *See Sirois*, 602 F. App'x at 1-2.

If the Court considered his current motions as a motion under 28 U.S.C. § 2255, they would be time-barred because his motions were filed more than one year after "the date on which the judgment of conviction becomes final[.]" 28 U.S.C. § 2255(f)(1). Here, the Court of Appeals issued its mandate on June 15, 2015, *Mandate* (ECF No. 332), and Mr. Sirois did not file his motions until August 27, 2018 and September 13, 2018, more than three years after his conviction became final. In addition, if the merits of his claims were reached, they would be procedurally defaulted. *Bousley v. United States*, 523 U.S. 614, 621 (1998).

If the Court reached the merits of Mr. Sirois' motions, it would not grant them. Mr. Sirois is not quite correct about the date the United States Sentencing Commission adopted the two-level reductions for drug quantity, at least as applied to him. On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that revised the guidelines applicable to drug trafficking offenses by reducing by two levels the offense levels assigned to drug quantities. Amendment 782 became effective on November 1, 2014 but was applicable only to sentences imposed after its effective date. As November 1, 2014 was after January 6, 2014, when the Court sentenced Mr. Sirois, the new Guideline calculations would have applied to him only if they were made retroactive, which at that point they had not been.

On July 18, 2014, the Commission addressed the issue of retroactivity and concluded that, even though its two-level reduction would be retroactive, the effective date for retroactivity would be November 1, 2015. U.S.S.G. *Retroactivity of Amendment 782* § 1B1.10(e) (Jul. 14, 2014) ("The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later"). To be eligible for a retroactive reduction, a defendant had to have been serving a term of imprisonment as of November 1, 2015. *Id.* § 1B1.10(a)(1) ("In a case in which a defendant is serving a term of imprisonment . . . the court may reduce the defendant's term of imprisonment . . . ."). Mr. Sirois had been released from custody on June 1, 2015 and therefore the two-level reduction would not have been available to him.

In addition, the Sentencing Commission made it clear that "[i]n no event may the reduced term of imprisonment be less than the term of imprisonment the defendant has already served." *Id.* § 1B1.10(b)(2)(C). As Mr. Sirois had already served his full term of incarceration by November 1, 2015, this provision prohibits his getting an overserved time credit.

Finally, Mr. Sirois is seeking to have his original sentence altered so that he can receive a credit against the revocation sentence. Even though this argument was available to him on August 7, 2017, when the Court imposed sentence on the revocation petition, Mr. Sirois did not raise it. *Revocation Tr.* at 1-35. Nor did he raise it with the Court of Appeals when he appealed his revocation sentence. *United States v. Sirois*, 898 F.3d 134, 134-39 (1st Cir. 2018).

5

The Court DENIES Ricky Sirois' Motion to Reduce Sentence (ECF No. 400) and his Motion to Reduce Sentence (ECF No. 403).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2018