UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00206-JAW-2 |
| | ) | |
| RICKY SIROIS | ) | |

**ORDER ON MOTION FOR HALFWAY HOUSE RECOMMENDATION**

As the Court has a generally positive view of the efficacy of residential reentry centers in bridging the gap from a period of federal incarceration to the freedom of society, the Court grants an inmate's request for a recommendation to the Bureau of Prisons for halfway house placement. In so doing, however, the Court acknowledges the Bureau of Prisons' superior knowledge of the Defendant, of the availability of halfway house placement for the Defendant, of the impact of his placement on other inmates who are seeking similar placement, and of the Defendant's record while incarcerated.

**I.  BACKGROUND**

On January 6, 2014, the Court sentenced Ricky Sirois to forty-eight months of incarceration, three years of supervised release and a $100 special assessment for engaging in a conspiracy to distribute and possess with the intent to distribute oxycodone. *J.* (ECF No. 315). Mr. Sirois began a three-year term of supervised release on June 1, 2015. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 360). Mr. Sirois appealed his sentence to the Court of Appeals for the First

Circuit and on May 22, 2015, the First Circuit affirmed it. *United States v. Sirois*, 602 F. App'x. 1 (1st Cir. 2015).

On May 25, 2017, the Probation Office moved for an arrest warrant, claiming that Mr. Sirois violated the no-crimes and the no-drugs conditions of his supervised release. *Pet. for Warrant or Summons for Offender under Supervision* (ECF No. 360). The Court held a revocation hearing on August 7, 2017 and asked the Assistant United States Attorney to set forth the bases for the alleged supervised release violations. *Tr. of Proceedings* 3:20-4:4 (ECF No. 381). The Assistant United States Attorney stated that on July 13, 2017, Mr. Sirois had been convicted in state of Maine court for the unlawful possession of heroin and that Mr. Sirois had tested positive on two occasions for cocaine and on one occasion for marijuana. *Id.* 4:21-5:8. Mr. Sirois admitted that he committed these violations. *Id.* 7:23-8:1. On August 7, 2017, the Court sentenced Mr. Sirois to twenty-four months of incarceration with no supervised release to follow. *J.* at 1-2 (ECF No. 374). Mr. Sirois appealed the Court's sentence to the Court of Appeals for the First Circuit and on August 6, 2018, the Court of Appeals affirmed the sentence. *United States v. Sirois*, 898 F.3d 134 (1st Cir. 2018).

On June 11, 2018, Mr. Sirois moved to amend the revocation judgment to include a period in a halfway house. *Pro Se Mot. to Modify Revocation J. to Include Halfway House Time* (ECF No. 385). Mr. Sirois asked for nine months in a halfway house and, if not, six months. *Id.* at 1. On June 21, 2018, he wrote the Court again in support of his motion. *Letter from Ricky Sirois to Clerk of Ct.* (ECF No. 386). On June 25, 2018, he wrote again. *Letter from Ricky Sirois to Clerk of Ct.* (ECF No. 387).

On June 29, 2018, the Government filed an objection to the motion. *Gov't's Obj. to Def.'s Mot. for Halfway House Time* (ECF No. 389). On July 19, 2018, Mr. Sirois filed another letter. *Letter from Ricky Sirois to Clerk of Court* (ECF No. 387). On July 23, 2018, he filed a final letter. *Letter from Ricky Sirois to Clerk of Court* (ECF No. 392).

On August 2, 2018, the Court dismissed Mr. Sirois' motion on two bases. *Order on Mot. to Modify Sentencing J.* (ECF No. 393) (*Order*). First, after sentence is imposed, the law severely constrains the ability of the sentencing court to amend a sentence and the grounds upon which it may do so, and the Court determined that those circumstances were not present in Mr. Sirois' case. *Id.* at 2-3. Secondly, even if it could amend the revocation judgment, the Court ruled that it would not do so in Mr. Sirois' case because the United States Supreme Court has written that Congress has given the Bureau of Prisons (BOP) "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)). Mr. Sirois requested halfway house placement in the Northern Maine Reentry and Recovery Center, but the Court was aware of significant funding issues with the Center and the Court concluded it was better to allow the BOP to make suitability determination for Mr. Sirois and to allow the BOP to prioritize him among other inmates. *Order* at 4. On August 13, 2018, Mr. Sirois appealed the Court's Order to the Court of Appeals for the First Circuit. *Notice of Appeal* (ECF No. 396).

On September 13, 2018, Mr. Sirois filed another motion for a halfway house recommendation with this Court. *Mot. for Halfway House Recommendation* (ECF

No. 402) (*Def.'s Mot.*). This time, Mr. Sirois did not request that the Court amend its judgment, only that the Court recommend halfway house placement to the BOP under 18 U.S.C. § 3624(c). *Id.* This time Mr. Sirois says that he could be placed in Bangor, Portland or Boston, where his brother lives. *Id.* at 1. Mr. Sirois contends that he has met "all of the requirements in the factors for consideration in making placement and transfer determinations." *Id.*

Mr. Sirois says that on March 27, 2018, he filed a halfway house package with the Fairton Federal Correctional Institution in anticipation of his release date of April 10, 2019. *Id.* at 2. He states that BOP told him that it was still processing the package. *Id.* He writes that BOP informed him that it typically starts the reentry process thirty months before an inmate's release and as he was sentenced to only twenty-four months, his reentry package should have been reviewed at least eighteen months before his release. *Id.* As of the time of the filing, Mr. Sirois says he had only seven months before release and he is worried that he will miss the opportunity to prepare for his discharge from prison if BOP does not act favorably on his request for reentry assignment. *Id.* at 2-3.

## II. LEGAL STANDARDS

The United States Supreme Court has written that Congress has given the BOP "plenary control, subject to statutory constraints, over 'the place of the prisoner's imprisonment.'" *Tapia v. United States*, 564 U.S. 319, 331 (2011) (quoting 18 U.S.C. § 3621(b)). Federal law permits a court to make a recommendation to the BOP, "[b]ut

4

decisionmaking authority rests with the BOP." *Id.* The applicable statutory provision is 18 U.S.C. § 3624(c)(1):

> [The BOP] shall, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correctional facility.

Federal law also provides that a sentencing court may make a recommendation that a prisoner serve a term of imprisonment in a residential reentry center. 18 U.S.C. § 3621(b). But the recommendation has "no binding effect." *Id.*

Some sentencing courts have issued orders recommending release into a residential reentry center. *United States v. Hoskins*, No. 3:01-cr-00266, 2018 U.S. Dist. LEXIS 56466 (M.D. Pa. Apr. 3, 2018); *United States v. Bhamani*, No. 2:10-cr-00327-TLN, 2017 UL 2992455, 2017 U.S. Dist. LEXIS 109902 (E.D. Cal. Jul. 13, 2017); *United States v. Brattin*, No. 2:13-cr-0161-JAD-CWD-1, 2016 WL 4467897, 2016 U.S. Dist. LEXIS 112222, (D. Nev. Aug. 23, 2016); *United States v. Bartels*, No. 12-cr-20072, 2016 WL 6956796, 2016 U.S. Dist. LEXIS 164056 (E.D. Mich. Nov. 29, 2016); *United States v. Baker*, No. 3:01-cr-94-01-MHT, 2013 WL 355867, 2013 U.S. Dist. LEXIS 11418 (M.D. Ala. Jan. 29, 2013); *United States v. Qadri*, No. CR-06-00469-LEK, 2017 WL 1011663, 2017 U.S. Dist. LEXIS 38716 (D. Haw. Mar. 15, 2017). These courts have typically emphasized the defendant's post-sentencing rehabilitation, the criminal record, and any recommendations from BOP personnel.

Other sentencing courts have denied similar motions. *United States v. Perry*. No. 2:13-cr-0049-TLN, 2017 U.S. Dist. LEXIS 65226 (E.D. Cal. Apr. 27, 2017); *United*

5

*States v. Anderson*, No. 10-20437-CR-JEM, 2012 WL 5530271, 2012 U.S. Dist. LEXIS 195841 (S.D. Fla. Aug. 1, 2012); *United States v. Landers*, No. 6:09-cr-0893-JMC, 2013 WL 5530271, 2013 U.S. Dist. LEXIS 144450 (D.S.C. Oct. 7, 2013).  Often the denials are based on the sentencing court's deference to the BOP's superior legal and factual position to make this decision, on a lack of corroborating information, and on the timing of the motion, such as a motion made too early in an inmate's sentence to predict his status at the end of incarceration.  *See e.g.*, *United States v. Hoskins*, No. 3:01-cr-00266, 2018 U.S. Dist. LEXIS 14474 at *6 (M.D. Pa. Jan. 30, 2018).  On November 18, 2011, Judge Hornby of this District denied a similar request, concluding that there was "no reason to distinguish [the defendant] from other inmates whom the [BOP] must assign in accordance with the criteria Congress has given it."  *United States v. Smith*, No. 2:10-cr-00154-JDL, *Order on Def.'s Mot. for Judicial Recommendation to BOP* at 1 (ECF No. 34).

In addition to denying Mr. Sirois' earlier motion, the Court has issued opinions on three similar motions. *United States v. Stile*, No. 1:11-cr-00185-JAW, 2018 U.S. Dist. LEXIS 150648 (D. Me. Sept. 5, 2018); *United States v. Ford*, No. 1:12-cv-00163-JAW-4, 2018 U.S. Dist. LEXIS 107304 (D. Me. Jun. 25, 2018); *United States v. Sutherland*, No. 1:15-cv-00041-JAW, 2018 U.S. Dist. 104596 (D. Me. Jun. 22, 2018).  It granted two and dismissed one.  These motions are fact-intensive.  The motion the Court denied, for example, involved a defendant who lied on the witness stand in two jury trials and received an obstruction of justice enhancement.  *Ford*, 2018 U.S. Dist.

LEXIS 107304, at *6-7. The Court was reluctant to accept her word about her progress in prison absent corroboration.

## III. DISCUSSION

The Court makes five observations.

### A. Addiction

First, Mr. Sirois has had a long struggle with addiction. *See Sirois*, 898 F.3d at 135-36. Mr. Sirois' history of addiction suggests that he would benefit from an interim period where drug abuse treatment would be available and where there will be constraints on his freedom.

### B. Past Performance on Supervised Release

Second, as Mr. Sirois' revocation report, the contents of which he admitted at his revocation hearing, reflects that he was non-compliant with the conditions of supervised release, including drug/alcohol testing, that he consorted with known felons, that he told the probation officer that he would rather go to jail than participate in substance abuse treatment, and that he was arrested for state-based drug charges. The Court is uncertain whether Mr. Sirois' past non-compliance, specifically his difficulty complying with the basic terms of supervised release, will persist and whether his history would affect the BOP's decisions.

### C. Congressional Policy

Third, consistent with congressional policy expressed in the Second Chance Act, the Court is of the view that inmates like Mr. Sirois who have served a term in

federal custody almost always benefit from placement in a residential reentry center in order to make a smooth transition from incarceration to supervised release.

D. **Conduct During Imprisonment**

Fourth, the Court sentenced Mr. Sirois on his revocation violations on August 7, 2017 and it has not received any further information from the BOP about how he has fared while in federal custody. Unlike some inmates who have made similar motions, other than a reference to studying self-help books, Mr. Sirois has not revealed much about his time in prison; for example, he has not stated whether he has taken advantage of any BOP programs, including drug and/or alcohol abuse treatment, and whether he has presented any disciplinary problems. *Def.'s Mot.* at 1-3. It seems obvious that the BOP, which has maintained custody of Mr. Sirois since August 2017, is in a much better position to evaluate his request than this Court, which last interacted with him over a year ago.

E. **The BOP's Superior Knowledge**

Fifth, the Court is unaware of whether a residential reentry center has a place for Mr. Sirois, whether the Court's recommendation would displace another equally deserving inmate waiting in line for placement, and the BOP's range of other considerations, which necessarily involve the allocation of limited resources. For reasons both statutory and practical, the Court expressly defers to the BOP in responding to the Court's recommendation.

F. **Revocation Sentence Without Further Supervised Release**

Sixth, Mr. Sirois presents an unusual case because he has been sentenced to a twenty-four month period of incarceration on a revocation petition with no supervised release is to follow. More typically, the inmate requests a halfway house to achieve success when released from incarceration and placed on supervised release, particularly the need to coordinate with treatment providers, employers, and others in making the transition from prison to society. At the same time, there is no reason that a halfway house could not be helpful in adjusting the Defendant to society, even without the later structure of supervised release.

Furthermore, Mr. Sirois' revocation sentence was twenty-four months, which—though not a short time for Mr. Sirois—is not an especially long federal sentence. The Court does not know whether the BOP considers the length of an inmate's sentence in assessing requests for halfway house placement and, if so, how this factor affects its placement decisions.

### G. Placement

Finally, in Mr. Sirois' case, the Court concludes that the BOP is better able than the Court to assess his current suitability for a halfway house and to prioritize him for placement among its inmate population.

## IV. CONCLUSION

With these caveats, and based primarily on the Court's positive view of the efficacy of residential reentry centers in bridging the gap between incarceration and the freedom of society, the Court GRANTS the Defendant's Motion for Halfway House

9

Recommendation (ECF No. 402) and recommends Mr. Sirois for halfway house placement.

SO ORDERED.

/s/ John A. Woodcock, Jr.<br>
JOHN A. WOODCOCK, JR.<br>
UNITED STATES DISTRICT JUDGE

Dated this 11th day of October, 2018