UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:11-cr-00206-JAW-2 |
| | ) | |
| RICKY SIROIS | ) | |

# AMENDED[1] ORDER GRANTING MOTION FOR ORDER ON MOTIONS AND DENYING MOTIONS FOR ACTUAL DATE

On October 11, 2018, the Court issued an order in which it granted Ricky Sirois' motion for halfway house recommendation, but the Court added several caveats to the order, essentially acknowledging that a court may only recommend placement to the Bureau of Prisons and the Bureau of Prisons has the ultimate statutory authority to respond to the judicial recommendation. *Order on Mot. for Halfway House Recommendation* (ECF No. 405). Mr. Sirois is dissatisfied with the Court's analysis and he has in quick succession filed three motions with the Court, attempting to obtain an order forcing the Bureau of Prisons to place him in a halfway house by a date certain. *Def.'s Mot. for Recommendation to Place Def. in Halfway House by Oct. 26, 2018* (ECF No. 406); *Def.'s Mot. for a Confirmed Halfway House Date* (ECF No. 411); *Mot. for Ruling on Mots.* (ECF No. 413).

The Court grants Mr. Sirois' motion for a ruling, but it denies his motions for a date certain. Mr. Sirois cites two cases in support of his view: *Woodall v. Federal Bureau of Prisons*, 432 F.3d 235 (3d Cir. 2005) and *Evans v. Willingham*, 413 F. Supp.

---

[1] The Court issues this amended order to correct certain non-substantive, typographical errors that inadvertently appeared in the original order.

2d 155 (D. Conn. 2006). The Court finds neither convincing. *Evans* and *Woodall* were both decided before Congress enacted the Second Chance Act of 2007, 18 U.S.C. § 3624(b), which recodified the Bureau of Prisons' authority to make halfway house determinations:

> As before, § 3621(c) provided the BOP with discretion to determine whether and how long an inmate should spend in a halfway house before his release, so long as the pre-release placement was practicable and the BOP considered the factors set forth in § 3621(b).

*Eickleberry v. Jett*, Civil No. 11-443 (DSD/JSM), 2011 U.S. Dist. LEXIS 148318, at *20 (D. Minn. Dec. 7, 2011). As the court wrote in *Eickleberry*:

> There is nothing in the plain text of 18 U.S.C. §§ 3621(b) or 3264(c) that gives inmates <u>the right</u> to immediate placement (up to 12 months) into a RRC. Section 3621(b) gives the BOP the discretion "at any time" to place an inmate into "any available penal or correctional facility" and to "direct the transfer of an inmate from one penal or correctional facility to another." 18 U.S.C. § 3621(b).

*Id.* at *26-27. The *Eickleberry* Court wrote:

> [Section] 3624(c) does not require placement in a [RRC]. It only obligates the BOP to facilitate the prisoner's transfer from the prison system.

*Id.* at *27 (quoting *Elwood v. Jeter*, 386 F.3d 842, 847 (8th Cir. 2004)). The *Eickleberry* Court concluded that "there is no statutory requirement that entitles Eickleberry to RRC or home placement under the [Second Chance Act]." *Id.*

Section 3621(b) provides that the Bureau of Prison should consider "any statement by the court that imposed the sentence" in deciding where to house an inmate. The Court has made its recommendation plain. It can do no more.

The Court GRANTS Ricky Sirois' Motion for Ruling on Motions (ECF No. 413) and it DENIES Ricky Sirois' Motion for Recommendation to Place Defendant in

2

Halfway House by Oct. 26, 2018 (ECF No. 406) and Motion for a Confirmed Halfway House Date (ECF No. 411).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 5th day of November, 2018