UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| v. | ) | 1:11-cr-00206-JAW-2 |
| RICKY SIROIS | ) | |

**ORDER ON DEFENDANT'S MOTION TO REDUCE SENTENCE UNDER THE FIRST STEP ACT**

A former inmate moves to reduce his period of incarceration pursuant to the new, more generous good time credit provisions of the First Step Act. The Court dismisses his motion without prejudice (1) because the inmate is no longer incarcerated and therefore the new good time calculations have no effect on his period of incarceration, (2) because the new good time credits are not yet available under the First Step Act, (3) because the inmate did not demonstrate that he exhausted his administrative remedies before filing his motion in this Court, (4) because his only avenue of relief would be a habeas corpus petition, which is no longer available to him because he is no longer incarcerated, and (5) because, if the habeas corpus process were available to him, he would have been required to file the petition in the place where he was being held, not with the sentencing judge.

**I.  BACKGROUND**

On January 7, 2014, the Court sentenced Ricky Sirois to forty-eight months of incarceration followed by three years of supervised release and a $100 special assessment for engaging in a conspiracy to distribute oxycodone. *J.* (ECF No. 315).

On December 21, 2018, the President of the United States signed the First Step Act into law effective immediately. The First Step Act contains six titles; relevant here is Title IV, entitled "Sentencing Reform," and the Act's amendment of 18 U.S.C. § 3624(b)(1), which "changed the manner in which good time credits are calculated by increasing the maximum allowable days from 47 to 54 per year." *Schmutzler v. Quintana*, No. 5:190046-DCR, 2019 U.S. Dist. LEXIS 26433, at *2 (E.D. Ky. Feb. 20, 2019).

Hearing about this change in the law, on March 8, 2019, Mr. Sirois filed a request for a court order recalculating his good time credits to reduce his period of incarceration. *Def.'s Mot. to Reduce Sentence* (ECF No. 424). On March 12, 2019, the Court appointed Federal Defender David Beneman to represent Mr. Sirois, *Order Appointing Counsel* (ECF No. 425), and it issued a Scheduling Order. *Scheduling Order* (ECF No. 426). On April 4, 2019, the Government filed its opposition to Mr. Sirois' motion. *Gov't's Opp'n to Def.'s Mot. for First Step Act Relief* (ECF No. 427). Federal Defender Beneman declined to file a reply, noting that on March 11, 2019, United States District Judge George Singal had issued an order on the same issue, declining to reduce an inmate's sentence because this part of the First Step Act was not yet effective and because the Bureau of Prisons has exclusive jurisdiction to determine good time credits subject to habeas review. *See United States v. Sullivan*, 1:94-cr-00042-GZS, *Order* (ECF No. 114).

## II. DISCUSSION

First, it is questionable whether Mr. Sirois qualifies for the good time credit under the First Step Act because according to the Bureau of Prisons inmate locator, he was released from incarceration on April 10, 2019. *See* [https://www.bop.gov/inmateloc](https://www.bop.gov/inmateloc) (last visited April 20, 2019). Even if Mr. Sirois were entitled to reduced good time, the Court cannot rewind the clock and grant him a retroactive credit since he is already released. In other words, Mr. Sirois' request to be released early is now moot because he has been released.

Next, the good time credit provisions of the First Step Act are not yet effective. As Judge Reeves of the District of Kentucky noted:

> Section 102(b)(2) of the Act specifically provides that the amendments made in subsection 102(b) of the Act take effect only when the Attorney General completes the "risk and needs assessment system" required by Section 101(a) of the Act. Section 101(a) does not require completion of the system until 210 days after the Act's enactment. Thus, Section 102(b)(1) will not take effect until approximately July 2019.

*Schmutzler*, 2019 U.S. Dist. LEXIS 26433, at *4; *United States v. Bellah*, No. 2:12-CR-20016-01, 2019 U.S. Dist. LEXIS 56076 (W.D. Ar. Apr. 2, 2019); *Turnquist v. United States*, No. 1:12-cr-0173 AWI, 2019 U.S. Dist. LEXIS 41857, at *3 (E.D. Cal. Mar. 14, 2019).

Third, once the good time credit provisions of the First Step Act become effective, Mr. Sirois would first be required to apply for the credit to the Bureau of Prisons (BOP) before filing an action in the United States District Court, and there is no indication he has done so. *See Bellah*, 2019 U.S. Dist. LEXIS 56076, at *1; 28 C.F.R. § 542.10, et seq. The BOP, not the sentencing judge, has the responsibility to

administer the sentence. *United States v. Wilson*, 503 U.S. 329, 335 (1992); *United States v. Vaughn*, 806 F.3d 640, 644 (1st Cir. 2015).

Fourth, to challenge a BOP good time calculation, Mr. Sirois would be limited to a habeas corpus petition under 28 U.S.C. § 2241. *Rogers v. United States*, 180 F.3d 349, 358 (1st Cir. 1999). As Mr. Sirois is apparently no longer in custody, § 2241 is by its terms no longer available to him. 28 U.S.C. § 2241(c)(1)-(3).

Fifth, although it is not clear from the filings and the inmate locator where Mr. Sirois is physically located at present, if he still is in custody, "a § 2241 petition must be addressed to the district court where the petitioner is in custody." *Turnquist*, 2019 U.S. Dist. LEXIS 41857, at *2.

### III. CONCLUSION

The Court DISMISSES without prejudice the Defendant's Motion to Reduce Sentence (ECF No. 424).

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of April, 2019.